IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                         No. 2:06-cr-0236 GEB KJN P

      vs.

FRANCISCO VEGA,                           <u>ORDER AND</u>

      Movant.                              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2010 conviction for possession with the intent to distribute at least 50 grams of methamphetamine (actual) in violation of Title 21 U.S.C. § 841(a)(1). For the reasons set forth below, the court recommends that this motion be stayed.

        Movant argues the court should apply <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010), to find defense counsel was deficient based on counsel's failure to inform movant that the plea agreement carried a risk of deportation, because it deprived movant of the opportunity to craft a plea bargain that could reduce the likelihood of deportation. (Dkt. No. 91 at 9.) Respondent argues that <u>Padilla</u> is not retroactive, relying on <u>Teague v. Lane</u>, 489 U.S. 288 (1989). (Dkt. No. 100 at 7-9.) In reply, movant contends that <u>Padilla</u> is retroactively applied,

arguing that courts have either applied it retroactively or declared it to be retroactive. (Dkt. No. 107 at 4.)

At least three courts of appeals addressing whether Padilla is retroactively applied have ruled that it is not retroactive. See United States v. Amer, 2010 WL 1621005, at *2-3 (5th Cir. May 9, 2012); United States v. Chang Hong, 671 F.3d 1147, 1150-55 (10th Cir. 2011) (rule is procedural and is not a "watershed rule"); Chaidez v. United States, 655 F. 3d 684, 687-94 (7th Cir. 2011), cert. granted, 2012 WL 1468539 (Apr. 30, 2012). However, the Third Circuit Court of Appeals found that Padilla is retroactive. United States v. Orocio, 645 F.3d 630, 637-41 (3rd Cir. 2011). At least two district courts within the Ninth Circuit have held that Padilla is retroactive. Jiminez v. Holder, 2011 WL 3667628, at *3-4 (S.D. Cal. Aug. 19, 2011) (Padilla did not announce a new rule of law, but rather clarified the existing law under Strickland); United States v. Hubenig, 2010 WL 2650625 (E.D. Cal. July 1, 2010) (same). In a third case, the district court was not required to directly find Padilla applied retroactively, because the court found the motion was time-barred whether or not Padilla was an old or a new rule. United States v. Hurtado-Villa, 2011 WL 4625957 (D. Ariz. Oct.5, 2011).

The Ninth Circuit has not directly addressed the issue of retroactivity. The Court of Appeals vacated and remanded an order denying § 2255 relief in a case where the issue might have been dispositive if addressed, but the Circuit did not directly address the issue because the district court purposely bypassed the retroactivity issue and ruled on the merits, which was the only basis for the appeal. See United States v. Bonilla, 637 F.3d 980, 982-83 (9th Cir. 2011). Thus, the retroactivity issue appears unresolved in this Circuit. The Supreme Court recently granted certiorari on the issue. See United States v. Chaidez, 2012 WL 1468539, at *1 (Apr. 30, 2012). Oral argument is scheduled for October 30, 2012.

Here, movant and his parents moved to the United States when movant was one year old. The presentence report reflects that movant had been a legal resident of the United States for almost 20 years at the time he pled guilty. In the instant motion, movant contends that

counsel was ineffective by allegedly misinforming movant, prior to entry of the plea, that deportation would not be a collateral consequence of movant's guilty plea. Movant also contends that although the presentence report mentioned the possibility of deportation proceedings, counsel did not object, and the issue of deportation was not raised before or during the guilty plea, by counsel or the government. As in Bonilla, neither movant's lawyer nor the judge addressed the subject of deportation at movant's plea hearing. (Dkt. No. 100-2 at 2-21.) Therefore, the retroactivity question likely will be dispositive here, and the court recommends that the motion be stayed pending the Supreme Court's ruling on the issue of retroactivity in United States v. Chaidez, 2012 WL 1468539 (Apr. 30, 2012). See United States v. Calvillo, 2012 WL 3231026, *1 (D. Nev. 2012) ("The Court would therefore stay the present motion if the retroactivity question were dispositive.")

In light of this recommendation, IT IS HEREBY ORDERED that attorney Russell W. Miller, Jr., is relieved of his obligation to respond to the July 6, 2012 order (dkt. no. 117).

IT IS RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 91) be stayed pending the Supreme Court's ruling on the issue of retroactivity in United States v. Chaidez, 2012 WL 1468539 (Apr. 30, 2012).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vega0236.sty