IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

FRANCISCO VEGA,

    Movant.

No. 2:06-cr-0236 GEB KJN P

ORDER TO SHOW CAUSE

Movant is a federal prisoner proceeding without counsel or "pro se." Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On December 6, 2012, this action was stayed pending the Supreme Court's ruling on the issue of retroactivity. United States v. Chaidez, 2012 WL 1468539 (Apr. 30, 2012). The Supreme Court has now ruled. Chaidez v. United States, 133 S. Ct. 1103 (2013) ("Chaidez"). Therefore, the stay is lifted.

In his motion, movant relies on Padilla v. Kentucky, 130 S. Ct. 1473 (2010), to support his claims of ineffective assistance of counsel. However, in Chaidez, the Supreme Court held that Padilla did not apply retroactively, and therefore is not applicable on collateral review. Chaidez, 133 S. Ct. at 1103; see also Nanan v. United States, 2013 WL 847276 (M.D. Fla. 2013) (Padilla cannot be applied in the instant § 2255 proceeding to provide petitioner collateral relief

1

from his conviction). Here, movant was sentenced on March 26, 2010, before the <u>Padilla</u> opinion issued on March 31, 2010. Accordingly, movant is directed to show cause, if any he may have, why his motion should not be denied based on <u>Chaidez</u>, 133 S. Ct. at 1103. Respondent's reply, if any, shall be filed fourteen days thereafter.

Movant is cautioned that failure to reply to this order will result in a recommendation that his motion be denied.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The December 6, 2012 stay is lifted; and

2. Movant shall show cause, within twenty-one days, why his motion should not be denied based on <u>Chaidez v. United States</u>, 133 S. Ct. 1103 (2013).

DATED: March 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vega0236.osc

---

[1] In addition, movant's copy of the court's December 6, 2012 order was returned by the postal service as undeliverable on December 17, 2012. It appears that movant has failed to comply with Local Rule 182(f), which requires that a party appearing in propria persona inform the court of any address change. Movant's failure to keep the court apprised of his current address may also result in the denial of his motion.